UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

Case No.:   11-60055-CIV-DIMITROULEAS

RICHAUNDA CURRY, an Individual, :
:
         Plaintiff, :
:
:
Vs. :
:
CARRIBEAN CRUISE LINE, INC., a :
Florida Corporation, :
:
         Defendant. :
_____/ **SECOND AMENDED COMPLAINT**

      Plaintiff, Richaunda Curry sues Defendant Caribbean Cruise Line, Inc. for retaliation, discrimination and sexual harassment in its employment practices, policies and procedures in violation of Title VII of the Civil Rights Act of 1964, as amended and Fla. Stat. § 760.10, *et. seq.*  Curry also sues Caribbean for failing to pay overtime pursuant to the Fair Labor Standards Act and violation of the Family Medical Leave Act, and as grounds therefore she states as follows:

    1.    At all times material to this cause of action, Plaintiff was a resident of the State of Florida and resided within Miami-Dade County, Florida.

    2.    At all times material to this cause of action, Defendant, Caribbean Cruise Line, Inc. provides entertainment, hotel and tourist services to foreign

and domestic clientele and guests throughout the State of Florida, Nevada, Mexico and the Bahamas.

3. Caribbean Cruise Lines Inc.'s principal place of business and currently does business in Ft. Lauderdale, Broward County, Florida.

4. Defendant is an "employer," as that term is defined by Title VII, the FMLA, the FLSA and applicable case law.

5. At all times during his relationship with Caribbean Cruise Line, Plaintiff was the Defendant's "employee" as defined by Title VII, the FMLA, the FLSA and applicable case law.

6. Based on reasonable information and belief, at all times material to this cause of action, Defendant was authorized to do business in Florida.

7. This action arises out Title VII, the Fair Labor Standards Act and the Family Medical Leave Act.

8. This Court has jurisdiction over all parties in this case.

9. Venue is proper in Broward County, Florida because all of the discriminatory acts complaint herein occurred within the county limits.

10. All conditions precedent have been satisfied, waived or excused before the filing of the instant suit.

## General Allegations

11. Plaintiff is a Black woman.

12. In April 2007, Plaintiff began working with the Defendant as a travel coordinator. As a travel coordinator, Plaintiff's duties and responsibilities consisted generally of booking and reconfirming travel itineraries for passengers and guests of Caribbean Cruise Lines, upgrading existing travel packages, as well as selling travel packages to referral and new customers.

13. During her tenure with Caribbean, Plaintiff was an exemplary employee demonstrating a high level of skill and competence for her job description. In fact, Plaintiff was so proficient that Defendant promoted her to train new employees as well as re-train existing employees.

14. During her time with the company, the Caribbean would require Plaintiff to work many hours in excess of forty per week without compensation.

15. Also, Caribbean made it a policy for employees work through their 30-minute lunch breaks without any compensation.

16. Plaintiff complained to her supervisor, Ms. Angela Chambers, about not being compensated for her overtime work. Defendant willfully disregarded the law regarding overtime compensation and continued not to pay Ms. Curry for her work.

17. During this time, Mr. Adrian Harry, who was not Plaintiff's direct line supervisor began to make sexual comments and offensive sexual contact

toward Plaintiff. On one occasion, for example, Harry gave Plaintiff a ride home after work. Upon arrival at her house, Harry asked to use Plaintiff's restroom. Plaintiff agreed, requesting that Harry lock the front door on his way out when he was done. Instead, Harry surreptitiously went upstairs to Plaintiff's bedroom area saying to her, "you see how you got me?" referring to his erect penis. Harry then grabbed Plaintiff's hand and attempted to force it on his genitalia. Plaintiff refused Harry's sexual advances and demanded that he leave her home at once. He did, apologizing for his behavior on the way out.

18. Plaintiff complained to her supervisor Ms. Chambers several times about Harry's conduct. In turn, Ms. Chambers complained to Jeff Tellum, Caribbean's Director of Reservations about Harry's conduct. Instead of taking the complaints seriously, Mr. Tellum refused to act on Plaintiff's complaints regarding Harry, referring to Plaintiff as a "ghetto girl", a "liar" and that she was "drama queen" for making the complaint.

19. Shortly after Plaintiff's complaints about Harry's sexual harassment, Caribbean laid off Ms. Chambers and, incredibly, made Harry Plaintiff's direct-line supervisor.

20. Soon after Caribbean made Harry Plaintiff's direct-line supervisor, the sexual advances and unwelcomed and offensive physical contact increased.

21. In July 2009, Plaintiff again reported Harry's conduct to Caribbean; Caribbean again did nothing with Plaintiff's reporting and Harry continued to be Plaintiff's supervisor.

22. Once Plaintiff realized that Caribbean was not going to do anything about Harry's behavior and inappropriate sexual advances, she requested to be transferred from under Harry's supervision. This request was unreasonably denied by Caribbean and Plaintiff was forced to suffer Harry's continued indignities in order to keep her job.

23. After she complained about Harry's conduct, Caribbean retaliated against Plaintiff. Harry assigned Plaintiff to "outbound call" or "Not Interested" ("NI") section of the Reservations Department – this was a department Plaintiff never worked in before and was generally assigned to newer employees as the payment commission structure for sales in this section of the department was far less than the "Inbound" section Plaintiff was normally assigned.

24. Harry restricted Plaintiff from interacting or speaking with any of her male counterparts or co-workers while performing her job duties and responsibilities while on the floor. The inability to speak to her co-workers in this way made it impossible for Plaintiff to effectively perform her job function, duties and responsibilities.

25. In August 2009, Plaintiff filed her claim of sexual harassment and gender discrimination against Caribbean with Equal Employment Opportunity Commission and Florida Commission on Human Relations.

26. In September 2009, after Caribbean discovered that she filed an EEOC/FCHR charge of discrimination against it, Caribbean required Plaintiff to meet with its Human Resources Director, Maria Gonzalez, who admonished and ridiculed Curry for filing her charges.

27. In December 2009, Director of Reservations, Jeff Tellam, demanded a meeting with Plaintiff wherein he claimed her Charges of Discrimination with EEOC were "frivolous" and that if she continued to prosecute the claims with the EEOC she would be fired.

28. In March 2010, Plaintiff approached Jeff Tellam about not receiving "gift cards" – bonus compensation perks employees typically receive from Caribbean for selling upgraded packages to guests. During the relevant time period at issue here, Plaintiff sold enough upgrades to receive $40 - $50.00 worth of gift cards from Caribbean. But when she approached Tellam regarding Caribbean's non-payment of the gift cards, he told her that he would not give her the gift cards because she filed formal Charges of Discrimination with the EEOC.

29. When Plaintiff refused to withdraw her claims of discrimination, Tellam sent her home for the day without pay. The next day, Plaintiff was

officially suspended indefinitely without pay for refusing to withdraw or otherwise recant on her charges of discrimination with the appropriate authorities.

30. After it became clear that the Defendant was not rehiring Plaintiff because she filed her charge of discrimination, she filed for unemployment.

31. After thirteen days of unpaid suspension, however, Caribbean reinstated Plaintiff to her previous position and continued to have her report directly to Harry.

32. In May 2010, Plaintiff was hospitalized due to serious allergic reaction to an insect bite. The treating physician ordered that she not return to work for a period a six days. Specifically, the doctor wrote a do not return to work order for Plaintiff to submit to Caribbean. Plaintiff submitted that information to Caribbean Cruise Lines who approved her medical leave.

33. When she returned to work from her approved leave, however, Caribbean terminated Plaintiff's employment claiming that she had too many absences from work.

### Count I
### (Title VII and Florida Civil Rights Violation
### Retaliation – Suspension Without Pay)

34. Plaintiff incorporates paragraphs 1 through 33 as alleged herein and further states as follows:

35. Caribbean suspended Curry without pay because she complained of sexual harassment in the workplace.

WHEREFORE Plaintiff, Richaunda Curry, respectfully requests that this Court:

    (a) Assume jurisdiction of this cause of action and the parties;

    (b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute retaliation in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended and the Fla. Stat. 760.10, *et. seq.*;

    (c) Order Defendant to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, punitive damages and compensatory damages;

    (d) Enter an award and judgment for attorneys' fees and costs; and,

    (e) Grant Plaintiff such additional relief as may be just and proper to fully return her to the status she would have enjoyed but for the discriminatory animus of the Defendant.

### Count II
### (Title VII and Fla. Stat. 760.10 Violation – Retaliation – Termination of Employment)

36. Plaintiff incorporates paragraphs 1 through 33 as alleged herein and further states as follows:

37. The Defendant terminated Plaintiff's employment because she opposed discrimination in the workplace and/or because she filed a charge of

discrimination with the Equal Employment Opportunity Commission, as well as with the Florida Commission on Human Relations.

38. WHEREFORE Plaintiff, Richaunda Curry, respectfully requests that this Court:

   (a) Assume jurisdiction of this cause of action and the parties;

   (b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by The Civil Rights Act of 1964, as amended and the Florida Civil Rights Act, § 760.10, *Fla. Stat. et. seq.;*

   (c) Order Defendant to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

   (d) Enter an award and judgment for attorneys' fees and costs; and,

   (e) Grant Plaintiff such additional relief as may be just and proper to fully return him to the status she would have enjoyed but for the discriminatory animus of the Defendant

## Count III
### (Title VII Violation and Florida Civil Rights Violation – Retaliatory Compensation)

39. Plaintiff incorporates paragraphs 1 through 33 as alleged herein and further states as follows:

40. Caribbean retaliated against Curry when it refused to compensate her for the gift cards because she opposed Harry's sexual harassing behavior and/or when she filed a charge of discrimination with the appropriate authorities.

41. WHEREFORE Plaintiff, respectfully requests that this Court:

    (a) Assume jurisdiction of this cause of action and the parties;

    (b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by The Civil Rights Act of 1964, *et seq.* and the Florida Civil Rights Act, § 760.10, Fla. Stat. *et. seq.;*

    (c) Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

    (d) Enter an award and judgment for attorneys' fees and costs; and,

    (e) Grant Plaintiff such additional relief as may be just and proper to fully return him to the status she would have enjoyed but for the discriminatory animus of the Defendant.

### Count IV
### (Title VII Violation and Florida Civil Rights Violation
### Retaliation – Unfavorable Job Assignment/ Compensation)

42. Plaintiff incorporates paragraphs 1 through 33 as alleged herein and further states as follows:

43. Caribbean retaliated against Curry when it transferred her to the NI department of Reservations, adversely affecting her compensation and bonus commission structure within the department.

44. WHEREFORE Plaintiff, respectfully requests that this Court:

    (a) Assume jurisdiction of this cause of action and the parties;

    (b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by The

        Civil Rights Act of 1964, as amended and the Florida Civil Rights Act, § 760.10, *Fla. Stat., et seq.;*

(c) Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

(d) Enter an award and judgment for attorneys' fees and costs; and,

(e) Grant Plaintiff such additional relief as may be just and proper to fully return him to the status she would have enjoyed but for the discriminatory animus of the Defendant.

## Count V
**(Title VII Violation and Florida Civil Rights Violation – Sexual Harassment)**

45. Plaintiff incorporates paragraphs 1 through 33 as alleged herein and further states as follows:

46. Curry is a member of a protected group.

47. She was subject to unwelcomed sexual harassment.

48. The harassment occurred because of her gender.

49. The harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.

50. WHEREFORE Plaintiff, respectfully requests that this Court:

    (a) Assume jurisdiction of this cause of action and the parties;

    (b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by The Civil Rights Act of 1964, as amended and Florida Civil Rights Act, § 760.10, *Fla. Stat. et. seq.;*

(c) Order Defendant to make Plaintiff whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

(d) Enter an award and judgment for attorneys' fees and costs; and,

(e) Grant Plaintiff such additional relief as may be just and proper to fully return him to the status she would have enjoyed but for the discriminatory animus of the Defendant.

## Count VI
### (FMLA Violation)

51. In the alternative, Plaintiff incorporates paragraphs 1 through 33 as alleged herein and further states as follows:

52. When Plaintiff was out sick because of her allergic reaction to her insect bite, she was effectively out on leave pursuant to Family Medical Leave Act.

53. Upon her return from Family Medical Leave, Caribbean terminated Curry for taking said leave and/or for opposing employer activity and conduct violative of the Act.

54. Plaintiff's request for (and taking of) leave was a substantial or motivating factor that prompted Caribbean to terminate her employment.

55. As a consequence of Caribbean actions, Curry suffered damages.

56. WHEREFORE, Richaunda Curry demands judgment against Caribbean Cruise Line, Inc. for her damages, up to and including ; liquidated

damages pre and post-judgment interest, reasonable attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

## Count VII
### (FSLA Violation)

57. This is an action to recover unpaid overtime compensation, liquidated damages, prejudgment interest and attorney's fees and costs under 29 U.S.C. § 201, *et seq.,* Fair Labor Standards Act.

58. This Court has jurisdiction of this controversy under, 29 U.S.C. §§ 201-219.

59. At all times material hereto, Plaintiff is a natural person, is *sui juris*, resides within Miami-Dade County, Florida and is a covered employee under the Fair Labor Standards Act.

60. At all times material hereto Plaintiff worked for the Defendant, who was engaged in interstate commerce under the Fair Labor Standards Act.

61. Jurisdiction us conferred on this Court by Title §§ 28 USC 1337 and by 29 USC 216 (b).

62. At all times material hereto, Caribbean operates as an organization engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers and was otherwise

engaged in commerce or in the production of goods and services for commercial purposes.

63. Defendant, Caribbean is a Florida corporation doing business in Broward County, Florida and is an enterprise engaged in an industry affecting commerce, is an employer as is defined by 29 USC 203 (d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 USC 207, in the capacity where Plaintiff was employed.

64. Since before Plaintiff was employed with Defendant and up to and including the present, Defendant has willfully violated the provisions of 29 USC 207 by employing employees engaged in commerce for work weeks longer than 40 hours without compensating them at rates of one and one-half times the regular rates at which they were employed.

65. Since her employment began with Defendant, Plaintiff worked in excess of 40 hours a week every week of her employment and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

66. Caribbean's failure to pay overtime compensation to Plaintiff is unlawful in that she was not excepted from the overtime provisions of the Act pursuant to the provisions of 29 USC § 213 (a); Curry was not a bona fide executive, administrative of professional employee.

67. Defendant's actions were willful and purposeful as it was well aware of the FLSA and Plaintiffs' non-exempt status, but chose not to pay Curry in accordance with the statute.

WHEREFORE, Plaintiff, Richaunda Curry prays that this court grants judgment against Defendant, Caribbean Cruise Line, Inc., pursuant to 29 USC 216(b)and award her:

(a) Payment of overtime compensation found by the court to be due him under the Act, including pre-judgment interest.
(b) Liquidated damages as per the statute.
(c) The costs of this action, including reasonable attorney's fees; and,
(d) All other further relief as is just.

## Demand for Jury Trial

Plaintiff demands a trial by Jury for each issue so triable herein.

## Certificate of Service

I Hereby Certify that a true and correct copy of the foregoing was filed electronically via CM/ECF this June 27, 2011.

Respectfully Submitted,

THE HARRIS LAW FIRM GROUP, P.A.
Attorneys for the Plaintiff, Richaunda Curry
777 Brickell Avenue, Suite 1114
Miami, Florida 33131-2867
Telephone:   305.536.6131

By:   _____/s/_____
      Robert Newton Harris
      Florida Bar Number: 087671